IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMY JOHNSON TOLSON,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.         ) | CIVIL ACTION NO. 3:09-CV-863-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE,         ) | |
| COMMISSIONER OF SOCIAL         ) | |
| SECURITY,         ) | |
| ) | |
| Defendant.         ) | |

**MEMORANDUM OPINION**

**I.  Introduction.**

The plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act,  42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability.  Her application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See  Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

---

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A. Introduction.**  The plaintiff was 28 years old at the time of the hearing before the ALJ and has an 8th grade education.  The plaintiff's prior work experience includes work as a baby sitter, assistant manager of a gas station, stock clerk, and line packer. Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of minimal disk bulges at L3-4 and L4-5, mild desiccation with minimal bulge at L5-S1, lumbar radiculopathy, obesity, irritable bowel syndrome and vascular

3

headaches.  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform her past relevant work as well as jobs as a bench assembler, hand packager/inspector and food and beverage checker.

**B.  The Plaintiff's Claims.**  As stated by the plaintiff, the issues are as follows:

1.  Did the Administrative Law Judge commit an error of law by giving "very little weight" to the consultative examination report obtained by the Social Security Administration from Dr. Alphonza Vester, M.D.?

2.  Is the Administrative Law Judge's determination of the plaintiff's residual functional capacity supported by substantial medical and vocational evidence?

### IV.  Discussion

**A.  Weight Accorded Consultative Examiner Report.**  Dr. Vester conducted a consultative examination of the plaintiff.  His written report states that she is "moderately limited based on degenerative disc disease," mildly limited based on irritable bowel syndrome and chronic vascular headaches. (R. 236) He further found her limited to a mild extent by her obesity.  *Id.*

> I consider the claimant mildly limited with sitting.  There is a moderate
> limitation with standing and walking.  There is a moderate limitation with
> lifting and carrying objects.  She is not limited with handling objects . . .
> [or] hearing and speaking.  There is a moderate limitation with traveling.

*Id.*

In addition to his written report, Dr. Vester completed a Medical Source Opinion (Physical) (MSO) in which he opined that the plaintiff was limited in her ability to stand

4

or walk to one-quarter hour at a time and sit for three-quarter hours at a time. (R. 238) He also opined that the plaintiff could occasionally lift or carry five pounds but never lift 15 pounds or carry 10 pounds. *Id.* And he further found she could never push/pull with her left leg and never climb, balance, stoop, kneel, crouch, crawl or reach overhead. (R. 239)  Finally, he concluded the plaintiff could never work in extreme cold, heat or high places.  She could never be exposed to vibration, fumes, noxious odors, dust, mists, or gases or work in poorly ventilated areas. (R. 240)

The ALJ rejected the MSO findings of Dr. Vester, and the plaintiff complains this was error.    Certainly, a report from a consultative physician can constitute substantial evidence. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir.1987).  However, just as with the opinion of treating physicians, an ALJ may reject a consultant's report if  it is unsupported by objective medical evidence or is merely conclusory.  *See e.g., Johns v. Bowen*, 821 F.2d 551 (11th Cir. 1987).  This is what the ALJ said about Dr. Vester's opinion.

> As for the opinion evidence, the undersigned Administrative Law Judge gives some weight to Dr. Vester's opinion regarding claimant's physical functional abilities as they appear in his narrative.  Dr. Vester is an examining physician. His opinions-- that the claimant is mildly limited with sitting; moderately limited with standing and walking; moderately limited with lifting and carrying objects; and not limited with handling objects-- is supported by his clinical findings and is generally consistent with the substantial evidence, including claimant's activities of daily living.
>
> The undersigned gives little weight to Dr. Vester's Medical Source Opinion (MSO) form, dated May 5,2008. This functional assessment appears to have been based primarily upon claimant's subjective complaints reported at the

> time of his evaluation and not his clinical findings.[4] For example, in his
> MSO, he states that the claimant can only stand or walk ¼. of an hour at
> one time and sit for ¾ of an hour at one time. The claimant had previously
> told the doctor that she could only stand for 15 minutes at a time and sit for
> 35 minutes without having to stand. Dr. Vester's Medical Source Opinion is
> inconsistent with claimant's own testimony. For example, the doctor wrote
> that the claimant can only occasionally lift and/or carry 5 pounds during an
> 8-hour day. At the hearing, however, she testified that she can lift a
> maximum of 30 pounds and carry a maximum of 40 pounds. Dr. Vester's
> Medical Source Opinion is inconsistent with his own narrative regarding
> claimant's functional limitations. For example, he wrote in his narrative that
> the claimant was mildly limited in her ability to sit, but, in his MSO, he
> indicates that she cannot sit for more than 45 minutes at one time and gives
> no opinion how long she can sit during an 8-hour day. He wrote in his
> narrative that the claimant is moderately limited in her ability to lift and
> carry objects but, in his MSO, he markedly restricts her ability to lift and/or
> carry objects to5 pounds on an occasional basis. Further, his MSO is not
> substantiated by other evidence in the file. For example, the MRIs reflect
> only "mild" bulges with "minimal" or "slight" effect. In addition, her x-rays
> have been negative.

(R. 19)

The ALJ's careful and thorough review and rejection of Dr. Vester's MSO report is supported by substantial evidence. Moreover, the ALJ's conclusion is supported by the record as a whole. For example, the plaintiff's testimony about her activities of daily living are consistent with the ALJ's residual functional capacity determination. (R. 39-40) There is no error in the ALJ's conclusion about and rejection of Dr. Vester's MSO report.

**B. The Residual Functional Capacity Determination.** The ALJ concluded that the plaintiff could perform light work with some additional functional and non-exertional

---

[4] At the end of the MSO, Dr. Vester checked a box indicating that his conclusions were not based primarily on the claimant's subjective complaints. Regardless, the ALJ's expressed adequate reasons for rejecting the MSO findings of Dr. Vester.

6

restrictions. (R. 21-22) The plaintiff complains that because Dr. Vester's assessment is the only assessment of a physician who actually saw the plaintiff, it must prevail, resulting in her being unable to work.  The difficulty with this argument is that in fact there are two assessments of the plaintiff, both by Dr. Vester.  As noted above, Dr. Vester's narrative portrays a very different and much more able person than the person described in Dr. Vester's MSO.  As already noted, the ALJ's rejection of the MSO is supported by substantial evidence.  The ALJ's conclusion that the plaintiff can perform light work subject to the additional limitations described by him is supported by the record as a whole.

## V.  Conclusion

For the foregoing reasons, the decision of the Commissioner will be affirmed.  A separate final judgment will be entered.

Done this 10th day of March, 2011.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE